UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

JOHN R. WALSH, III,

        Plaintiff,

        v.

TOMARA WILDING, et al.,

        Defendants.

Civil Action No. 3:16-CV-1430

(Judge Kosik)

## **MEMORANDUM**

Before the Court for disposition is another civil action filed by *pro se* Plaintiff, John R. Walsh, III.  Upon review of the complaint (Doc. 1), we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

### **I. BACKGROUND**

Plaintiff initiated this action by filing a complaint (Doc. 1) on July 11, 2016.  Plaintiff seeks to recover damages in the amount of $10,000,000.00 against a number of private and public defendants.  In his *pro se* complaint, Plaintiff claims that Defendants violated his Fourth Amendment right against unreasonable seizures, apparently in connection with a warrant for an involuntary commitment to a psychiatric facility.  Plaintiff alleges that Defendant Tamara Wilding, a case manager at the Scranton Counseling Center, informed Paul Reed, also a purported employee of the Scranton Counseling Center, that Plaintiff contacted her for a ride to the Scranton/Avoca airport at 4am to catch a flight to Des Moines Iowa. (Doc. 1, ¶ ¶ 1,2).  Upon learning this information, Paul Reed purportedly had a warrant for an Involuntary Commitment to a psychiatric facility issue upon Plaintiff, and Plaintiff was taken to Defendant CMC/Geisinger Hospital by the Defendant Scranton Police, for a psychiatric evaluation.[1]  (Doc. 1,¶¶ 1-4). Plaintiff also advances a plethora of additional claims stemming

---

[1] If an individual, as set forth in 50 P.S. § 7302, concludes that an involuntary examination is justified, he/she may seek a warrant authorizing the police to take the person to a medical facility for examination.  See 50 P.S. § 7302; Doby v. DeCreszenzo, 171 F.3d 858, 864-65 (3d Cir. 1999).

from this particular incident, which include: fraud, theft by deception, unlawful taking, false imprisonment, accessory after the fact, failure to provide Plaintiff with an attorney pursuant to the Americans with Disabilities Act, kidnapping, and a denial of his "pursuit of happiness."

It is against this backdrop that we conduct our statutory obligation under 28 U.S.C. § 1915(e)(2) to screen the complaint and dismiss the same if it is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the court may review an *in forma pauperis* complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. Rule 12(b)(6).

In determining the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has documented the evolving nature of pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. V. Twombly, 550 U.S. 644 (2007)* continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards

> have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should

be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

We first address Plaintiff's Fourth Amendment claim that his involuntary commitment to a psychiatric facility was an illegal seizure of his person. "It is well settled that the Fourth Amendment applies to seizures made for civil purposes, and the central inquiry is the same as in the criminal context-whether the government's conduct was reasonable under the circumstances." Must v. West Hills Police Dept., 126 F. App'x 539, 542 (3d Cir. 2005) (citing Doby v. DeCrescenzo, 171 F.3d 858 (3d Cir. 1999)). The Court of Appeals for the Third Circuit stated:

> In Griffin v. Wisconsin, 483 U.S. 868 (1987), the Supreme Court held that states may act without satisfying the normally applicable warrant and probable cause requirements where "special needs, beyond the normal need for law enforcement, make [those requirements] impracticable." Id. at 873 (citations omitted). Adopting the reasoning of the First Circuit McCabe v. Life-Line Ambulance Service, Inc., 77 F.3d 540 (1st Cir. 1996), we concluded in *Doby,* that "the temporary involuntary commitment of those deemed dangerous to themselves or others qualifies as a 'special need' permitting the state to act without a warrant." 171 F.3d at 871. *Doby* examined the constitutionality of an involuntary examination conducted pursuant to section 7302(a)(1) of the Pennsylvania Mental Health Procedures Act ("MHPA"), which authorizes the seizure of a mentally disabled person following the issuance of a section 7302 warrant, and concluded that the statutory scheme set forth in section 7302(a)(1) satisfies the requirements of the Fourth Amendment. *See* 50 Pa. Cons.Stat. § 7302(a)(1) (2004); Doby, 171 F.3d at 872 (observing that the section 7302 warrant is "authorized by a neutral and detached official").

Doby, 171 F.3d at 542-43; see McCabe v. Life-Line Ambulance Service, Inc., 77 F.3d 540, n.7 (1st Cir. 1996) (warrantless, involuntary commitment seizures generally comport with the structures of the Fourth Amendment).

Taken from Plaintiff's complaint, it is apparent that an employee from the Scranton Counseling Center made the determination that an evaluation of Plaintiff was necessary and therefore, sought a warrant to involuntarily commit and examine the Plaintiff. It appears that a warrant was indeed issued in conformity with section 7302(a)(1) of the Mental Health Procedures Act ("MHPA"), the precise section of the Act the Third Circuit considered and approved in Doby, as satisfying the requirements of the Fourth Amendment.

Moreover, the unconstitutional acts of a municipality's employees cannot be imputed to the principal on a theory of *respondeat superior*. Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000). "In order to hold a municipality liable under section 1983, the plaintiff must demonstrate that any violation of Fourth Amendment rights that occurred was caused by a policy or custom of the municipality." Must, 126 F. App'x at 544. "Once a [section] 1983 plaintiff identifies a municipal policy or custom, he must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Id.

Plaintiff has not set forth any facts or allegations demonstrating a violation of his Fourth Amendment right caused by a policy or custom of the Defendant Scranton Police Department. Accordingly, we find no constitutional violation because it is apparent that a warrant was issued in conformity with MHPA and that any alleged unconstitutional acts of the Scranton Police Department's employees cannot be imputed to it on a theory of *respondeat superior*.[2]

---

[2] The Court notes that even if Plaintiff were to name individual officers as defendants, qualified immunity shields officials from suit under section 1983 so long as the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000).

The Court finds that the remainder of Plaintiff's allegations are frivolous because they are wholly incredible and delusional. Additionally, Plaintiff falls far short of stating any claim upon which relief may be granted. Plaintiff does not provide any factual allegations to support any legal grounds for liability against any remaining Defendants.[3] This Court cannot even discern any legal grounds set forth in Plaintiff's Complaint. Beyond a doubt, there are no remaining facially plausibile claims pleaded by Plaintiff.

### III. CONCLUSION

For the foregoing reasons, we will dismiss Plaintiff's complaint (Doc. 1). An appropriate order follows.

---

[3] The Court notes that Plaintiff recites the names of alleged causes of actions in the caption of his complaint, such as "accessory after the fact," "deprivation of rights," "kidnapping," "theft by deception," "theft by unlawful taking," and "fraud" without any further explanation or development of facts or elements to support such causes of actions. Such claims must be dismissed since Plaintiff fails to even provide threadbare recitals of the elements of any of the recited causes of action. Iqbal, 556 U.S. at 677-679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8). Additionally, the criminal statutes Plaintiff recites to, do not create a private right of action and therefore precludes Plaintiff from bringing such claims. See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp. 2d 17, 23 (D.D.C. 2003) ("[T]here is no private right of action under these federal criminal statutes."). Finally, any claim that Plaintiff was denied his right to the "pursuit of happiness" is not a cognizable claim that may be pursued through the judicial system. Coffey v. United States, 939 F. Supp. 185, 191 (E.D.N.Y. 1996).